# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                              |   |                                |
|------------------------------|---|--------------------------------|
| **UNITED STATES OF AMERICA,** | ) |                                |
|                              | ) |                                |
| v.                           | ) | Criminal No. 11-0027 (ESH)     |
|                              | ) |                                |
| **EDWARD HARDY,**            | ) |                                |
|                              | ) |                                |
| **Defendant.**               | ) |                                |
|                              | ) |                                |

## MEMORANDUM OPINION

Before the Court is defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] (*See* Def.'s § 2255 Mot., ECF No. 37; *see also* Def.'s Letter Requesting Recons. of Sentence, ECF No. 36.[2]) For the reasons stated herein, the motion is denied.

## BACKGROUND

On February 1, 2011, defendant was charged in a one-count indictment with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by

---

[1] Section 2255 provides that

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

[2] As the Court previously indicated, defendant's letter is being treated as part of his § 2255 motion. (*See* Order at 1 n.1, ECF No. 40.)

imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) On May 25, 2011, the government filed a superseding information, adding a charge of unlawful possession of a firearm by a felon in violation of 22 D.C. Code § 4503(a)(1). (Information, ECF No. 19.) Pursuant to a plea agreement, defendant entered a plea of guilty to the D.C. Code offense in exchange for dismissal of the federal count at the time of sentencing. (Plea Agreement ¶¶ 1, 6, ECF No. 22.) As part of the agreement, defendant adopted and signed a "Proffer of Proof," which stated that defendant had

> previously been convicted of three (3) felonies in the Superior Court of the District of Columbia and each offense was punishable by at least one year in prison: Armed Robbery (Case Number 2002-FEL-7662, sentenced 3-17-05); Attempted Distribution of Cocaine (Case Number 2004-FEL-6296, sentenced 3-9-05); and Attempted Distribution of Cocaine (Case Number 2008-CF2-19767, sentenced 1-15-09).

(Proffer of Proof at 3, ECF No. 23.) The plea agreement further provided, pursuant to Fed. R. Crim. P. 11(c)(1)(C),[3] that the parties agreed to an 8-year term of imprisonment. (Plea Agreement ¶ 2.) The parties agree that the driving force behind the plea agreement was the 15-year mandatory minimum sentence that the defendant would have faced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), if convicted of the federal felon-in-possession charge, due to his three qualifying prior convictions: two "serious drug offenses" and one "violent felony."[4] By comparison, the maximum penalty for the D.C. Code offense was only 10 years, and the advisory sentencing range under the D.C. sentencing guidelines was 30-54

---

[3] Fed. R. Crim. P. 11(c)(1)(C) allows the parties to a plea agreement to "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . ."

[4] The ACCA provides that "in the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e).

2

months' imprisonment. The Court accepted the agreement and sentenced defendant to 8 years' imprisonment. (Judgment, ECF No. 33.)

After defendant's conviction became final, the Supreme Court struck down part of the ACCA's definition of "violent felony" as unconstitutional. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, the Court held that the so-called "residual clause," which defines a violent felony to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was void for vagueness. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that its ruling in *Johnson* applied retroactively to cases on collateral review.

Relying on *Johnson* and *Welch*, defendant filed a § 2255 motion seeking to vacate his conviction and sentence and set aside his guilty plea.[5] He claims that in light of *Johnson* and *Welch*, his prior conviction for D.C. armed robbery is not in fact a qualifying conviction under the ACCA and that he would not entered into a plea agreement whereby he agreed to serve a 96-month sentence for his D.C. code offense absent the possibility of a 15-year mandatory minimum sentence under the ACCA. (*See* Def.'s Letter at 1 (ACCA "should not have been used as a bargaining tool to ensure [defendant's] conviction without the use of trial.").) The government filed an opposition (*see* Opp'n, ECF No. 44), and defendant filed a reply. (*See* Reply, ECF No.45.) The Court has determined that no hearing is necessary because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b)).

---

[5] Defendant's motion was received by the Court on June 16, 2016, within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3) (motion must be filed within one year of "the date which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral attack").

3

**DISCUSSION**

Defendant's claim is an atypical *Johnson* claim in that he was not actually convicted of a federal offense or sentenced under the ACCA; thus, he is not challenging a sentence imposed under the now void residual clause of the ACCA. Rather, defendant's claim is that his plea was involuntary because (1) he agreed to the terms of his plea agreement based on the mistaken belief that he faced a mandatory minimum ACCA sentence; or (2) his counsel was ineffective in advising him to accept the plea agreement.

A plea of guilty is constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. McCoy,* 215 F.3d 102, 107 (D.C. Cir. 2000) (quoting *Hill v. Lockhart,* 474 U.S. 52, 56 (1985)). At the time defendant entered into his plea agreement, the ACCA's residual clause was still in effect, and there was absolutely no reason to anticipate the Supreme Court's decision in *Johnson*. *See, e.g.*, *United States v. Redrick,* 841 F.3d 478, 480 (D.C. Cir. 2016) ("no one . . . could reasonably have anticipated *Johnson*"); *see also United States v. Wilson*, No. 96-cr-0157, 2017 WL 1383644 (D.D.C. Apr. 18, 2017) ("Until the Supreme Court announced its new rule in *Johnson*, [defendant] did not have a reasonable basis upon which to challenge the constitutionality of ACCA's residual clause." (internal quotations omitted)). It is well-established that a "voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970). Accordingly, defendant's claim that his plea was involuntary because he did not know at the time he pled that the ACCA's residual clause would be declared unconstitutional is without merit.

For similar reasons, defendant cannot succeed on a claim that his plea was involuntary

because his counsel was ineffective in advising him to accept the plea agreement. If a defendant "is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases," using the *Strickland v. Washington*, 466 U.S. 668 (1984), test for deficient performance. *United States v. Tolson*, 372 F. Supp. 2d 1, 11 (D.D.C. 2005); *see also Hill v. Lockhart*, 474 U.S. at 58 (holding that a claim that the ineffective assistance of counsel rendered a plea not voluntary and intelligent must be evaluated under the general test for ineffective assistance set forth in *Strickland*). To establish deficient performance under *Strickland*, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. As previously noted, when counsel advised defendant to enter into his plea agreement, the ACCA's residual clause was still in effect, and there was absolutely no reason to anticipate the Supreme Court's decision in *Johnson*. Counsel is not required to divine an unpredictable future. Accordingly, defendant's counsel's performance in recommending that he enter into the plea agreement was clearly not deficient, precluding any claim for ineffective assistance.

## CERTIFICATE OF APPEALABILITY

When a district court enters a final order resolving a motion under 28 U.S.C. § 2255 that is adverse to the defendant, it must either issue or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a). By statute, "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 2 8 U.S.C. § 2253(c)(2). The Supreme Court has explained that this standard is met if "reasonable jurists could debate whether ... the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to

5

deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). Defendant's claims do not meet this standard. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Accordingly, and for the reasons stated above, defendant's § 2255 motion is denied. A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 11, 2017